LOCKE LORD LLP
Nina Huerta (SBN: 229070)
nhuerta@lockelord.com
Sally W. Mimms (SBN: 276093)
smimms@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Telephone: 213-485-1500
Facsimile: 213-485-1200

Attorneys for Defendant
CITIMORTGAGE, INC.



FILED
CLERK, U.S. DISTRICT COURT

APR 25 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                                DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUIZ MARTIN | CASE NO. _EDCV13-762-JGB_ (SPx) |
|                Plaintiff, | **DEFENDANT CITIMORTGAGE, INC.'S NOTICE OF REMOVAL** |
| vs. | [28 U.S.C. §§ 1331, 1441, 1446] |
| CITIMORTGAGE, INC., a New York Corporation; NORTHWEST TRUSTEE SERVICES, INC., a Washington Corporation and DOES 1 through 20, Inclusive, | [Removed from Superior Court of California, County of San Bernardino– Case No. CIVRS 1302132] |
|                Defendants. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, defendant CitiMortgage, Inc. ("CMI") hereby removes this action from the Superior Court of California, County of San Bernardino, to the United States District Court for the Central District of California and states as follows:



1

NOTICE OF REMOVAL
*Ruiz Martin v. CitiMortgage, Inc., et al.*

*Locke Lord LLP*
*300 South Grand Avenue, Suite 2600*
*Los Angeles, CA 90071*

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

## STATEMENT OF THE CASE

1.     On March 25, 2013, plaintiff Martin Ruiz, Jr. (incorrectly named as "Ruiz Martin," and hereinafter "Plaintiff") commenced an action in the Superior Court of California, County of San Bernardino, entitled *Ruiz Martin v. CitiMortgage, Inc., et al.*, Case No. CIVRS 1302132 (the "State Court Action").

2.     The State Court Action was served on CMI on March 26, 2013.

3.     This Notice of Removal is filed within 30 days of service of the State Court Action on CitiMortgage, Inc.  Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).  See *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) ("[E]ach defendant has thirty days to remove after being brought into the case.").

4.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, and orders in the State Court Action that have been served on CitiMortgage, Inc. has been attached hereto as *Exhibit 1*.

## FEDERAL QUESTION JURISDICTION

5.     A case may be removed to a federal court if it could have been brought in that federal court originally.  28 U.S.C. § 1441(b); *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474 (1998).

6.     This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331.  In both causes of action in the Complaint, Plaintiff alleges that CMI violated Title 24 of the Code of Federal Regulations § 203.604 and § 203.500. (Compl. ¶10, 18-20, 34-39, 41, 44, 46, 51-53).  As Plaintiff acknowledges, these regulations were promulgated by a federal agency, the U.S. Department of Housing and Urban Development ("HUD"), as authorized by federal statute, namely the National Housing Act, 12 U.S.C. § 1701 *et seq.*  (See, *e.g.,* Compl. ¶¶ 36-39). Accordingly, this Court has federal question subject matter jurisdiction.  See, *e.g.,* *U.S. v. Alisal Water Corp.*, 431 F.3d 643, 650 (9th Cir. 2005) ("As a general matter, federal courts have subject matter jurisdiction over civil actions 'arising under the Constitution, laws, or treaties of the United States.' See 28 U.S.C. § 1331. By this

NOTICE OF REMOVAL
*Ruiz Martin v. CitiMortgage, Inc., et al.*

1  principle, suits seeking compliance with, or remedies for, violations of federal water

2  quality statutes and regulations present federal questions."); *Rivas v. Napolitano*, ---

3  F.3d ----, 2013 WL 1236569, *3 (9th Cir. 2013) (resolution of claims involving

4  federal regulation provide federal question subject matter jurisdiction); *Franchise Tax*

5  *Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983) (finding that a case

6  "'arose under' federal law where the vindication of a right under state law necessarily

7  turned on some construction of federal law").

## REMOVAL REQUIREMENTS

8  

9     7.     The undersigned counsel represents CMI in this action.  Upon

10  information and belief, and review of the State Court Action's online docket, a copy

11  attached hereto at *Exhibit 2*, no other defendants have been served with the Complaint

12  in this matter, and therefore additional consent to this removal is not required.  See

13  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (requirement

14  for consent applies "only to defendants properly joined and served in the action").  If

15  any other defendant is served, Defendants will promptly seek its consent.  See

16  *Destfino*, 630 F.3d at 956-57 ("All defendants who have been 'properly ... served in

17  the action' must join a petition for removal .... If this is not true when the notice of

18  removal is filed, the district court may allow the removing defendants to cure the

19  defect by obtaining joinder of all defendants prior to the entry of judgment.").

20     8.     Venue is proper in this Court, pursuant to 28 U.S.C. § 1441(a), because

21  the Central District of California is the federal judicial district embracing the Superior

22  Court of California for the County of San Bernardino, where the State Court Action

23  was originally filed.

24     9.     The Eastern Division of the Central District of California is proper

25  because Plaintiff resides in the Eastern Division (see Compl. ¶ 2) and all of Plaintiff's

26  claims arose in the Eastern Division (see Compl. ¶ 1).  (General Order 02-06).

27  ///

28  ///

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

10.   A copy of this Notice of Removal will be promptly served upon Plaintiff and filed with the Clerk of the Superior Court of the County of Bernardino.  *See* 28 U.S.C. §§ 1446(a), (d).

### CONCLUSION

By this Notice of Removal and the associated attachments, CMI does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action.  CMI intends no admission of fact, law or liability by this Notice, and expressly reserves all defenses, motions and/or pleas.

**WHEREFORE**, CMI prays that the State Court Action be removed to this Court, that all further proceedings in the State Court Action be stayed, and that CMI receives all additional relief to which it is entitled.

Dated:  April 25, 2013

Respectfully submitted,

LOCKE LORD LLP

By: _____

Nina Huerta
Sally W. Mimms
Attorneys for Defendant
CITIMORTGAGE, INC.

NOTICE OF REMOVAL
*Ruiz Martin v. CitiMortgage, Inc., et al.*

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

**EXHIBIT 1**

# EXHIBIT 1

3/26 ⊕ 2:48P

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

MAR 2 5 2013

BY _____
NADYA AVAKIAN, DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

(See Attachment)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RUIZ MARTIN,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Bernardino County Superior Court | CASE NUMBER:<br>*(Número del Caso):* CIVRS 1 3 0 2 1 3 2 |

8303 Haven Avenue
Rancho Cucamonga, CA 91730

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
NICK PACHECO LAW GROUP, APC, 15501 San Fernando Mission Blvd., #110, Mission Hills, CA 91345

| DATE:<br>*(Fecha)* MAR 2 5 2013 | Clerk, by<br>*(Secretario)* Nadya Avakian | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify):* **Citimortgage, Inc., a New York Corporation**

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)

☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Ruiz Martin vs. Citimortgage, Inc., et al. | |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties
   Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

CITIMORTGAGE, Inc., a New York Corporation; NORTHWEST TRUSTEE SERVICES, INC., a
Washington Corporation and DOES 1 through 20, Inclusive,

Page __1__ of __1__

Page 1 of 1

Adopted for Mandatory Use
of Council of California
(Rev. January 1, 2007)

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

NICK PACHECO (SBN 173391)
HAKOP KESHISHYAN (SBN 265848)
NICK PACHECO LAW GROUP
A Professional Corporation
15501 San Fernando Mission Blvd., Suite 110
Mission Hills, California 91345
Telephone:    888.888.8641
Facsimile:    800.210.0028
Email:        hakop@nickpachecolaw.com

Attorneys for Plaintiff
Ruiz Martin

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

MAR 2 5 2013

BY_____
NADYA AVANIAN, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN BERNARDINO

CIVRS 1 3 0 2 1 3 2

| | |
|---|---|
| RUIZ MARTIN, <br><br> Plaintiff, <br><br> vs. <br><br> CITIMORTGAGE, Inc., a New York Corporation; NORTHWEST TRUSTEE SERVICES, INC., a Washington Corporation and DOES 1 through 20, Inclusive, <br><br> Defendants. | Case No.: <br><br> VERIFIED COMPLAINT <br><br> 1.  WRONGFUL FORECLOSURE IN VIOLATION OF TITLE 24 OF THE CODE OF FEDERAL REGULATIONS § 203.604. <br><br> 2.  CONTRACTUAL BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING <br><br> DEMAND FOR TRIAL BY JURY |

## By Fax

1

VERIFIED COMPLAINT

COMES NOW Plaintiff Ruiz Martin (hereinafter referred to as "Plaintiff"), alleging as follows:

## JURISDICTION

1.     The transactions and events which are the subject matter of this Complaint all occurred within the County of San Bernardino, State of California.

2.     The Subject Property is commonly known as 8219 Archibald Ave, Rancho Cucamonga CA 91730 with APN: 0208-281-05-0-000 (hereinafter referred as "Subject Property" or "Plaintiff's home"). The Subject Property is situated in the County of San Bernardino in the State of California.

## PARTIES

3.     At all times relevant herein, Plaintiff is over the age of eighteen and resident in the County of San Bernardino, State of California.

4.     Plaintiff is informed and believes and thereon alleges that Defendant Citimortgage Inc., (hereinafter referred as to "CITI") is acting on its own and at all times relevant herein was, a corporation, association, partnership, joint venture, and/or sole proprietorship organized and existing under laws of United States and/or doing business in California. At all times relevant herein, Plaintiff is informed and believes and thereon alleges that Defendant CITI was and is acting as successor Mortgage Beneficiary and/or Mortgage Servicer.

5.     Plaintiff is informed and believes and thereon alleges that Defendant Northwest Trustee Services, Inc. (hereinafter referred as to "Northwest") is acting on its own and at all times relevant herein was, a corporation, association, partnership, joint venture, and/or sole proprietorship organized and existing under laws of California and/or doing business in California. At all times relevant herein, Plaintiff is informed and believes and thereon alleges that Defendant NORTHWEST was and is acting as the agent of the beneficiary agent for the beneficiary and/or foreclosure trustee.

6.     Defendants CITI and NORTHWEST shall collectively be referred to as "DEFENDANTS" named herein "all persons unknown", claiming any legal or equitable right, title estate, lien or interest in the property described in this Complaint adverse to Plaintiff's title

**VERIFIED COMPLAINT**

1  thereto and as DOES 1 through 20 (hereinafter referred to as "UNKNOWN DEFENDANTS")

2  are unknown to Plaintiff. These unknown Defendants and each of them claim some right, title,

3  estate, lien or interest in the Subject Property, hereinafter described, adverse to Plaintiff's title

4  and their claims and each of them constitute a cloud on Plaintiff's title to the Subject Property.

5        7.     Plaintiff is informed and believes and thereon alleges that each fictitiously named

6  Defendants, herein DOES 1 through 20, are responsible for the events hereinafter alleged.

7  Plaintiff will seek leave of the Court to amend this Complaint to allege the true names and

8  capacities of said fictitiously named Defendants when ascertained.

9        8.     Plaintiff is informed and believes and thereon alleges that at all times mentioned

10  herein, the UNKNOWN DEFENDANTS are individuals and/or business entities whose forms

11  are unknown and were agents, principals, employees, employers, and co-conspirators of each and

12  every other named or unnamed Defendants in this Complaint.

13        9.     Plaintiff is informed and believes and thereon alleges that each of the said

14  Defendants are and at all relevant times herein, was acting within the scope and consent of the

15  remaining named and unnamed Defendants.

16       10.    Whenever in this Complaint an act or omission of a corporation or business entity

17  is alleged, the allegation shall be deemed to mean and include an allegation that the corporation

18  or business entity acted or omitted to act through its authorized officers, directors, agents,

19  servants, and/or employees, acting within the course and scope of their duties, that the act or

20  omission was authorized by corporate managerial officers or directors, and that the act or

21  omission was ratified by the officers and directors of the corporation or business entity. As a

22  result of their mortgage activities, Defendants and each of them are and were subject to and must

23  comply with violation of Title 24 of the Code of Federal Regulations § 203.604; California Civil

24  Code Sections 2924, et seq.; Business and Professions Code § 17200; Unfair and Deceptive

25  Business Practices and Acts and California Civil Code multiple sections; and among others.

26  ///

27  ///

28  ///

3
**VERIFIED COMPLAINT**

## INTRODUCTION

11.     Plaintiff brings this action against Defendants for violation of Title 24 of the Code of Federal Regulations § 203.604, California Civil Code sections, 2924, et seq., unlawful, unfair, or fraudulent business practices in violation of California Business & Profession Code §17200, et seq., and other statutory and common laws in effect.

12.     This action is on the premise of Defendants CITI, NORTHWEST and/or DOES 1 through 20, are attempting to conduct non-judicial foreclosure without first complying with HUD servicing requirements which govern FHA insured loans.

13.     Defendants CITI, NORTHWEST and/or DOES 1 through 20 are in the business of lending and servicing mortgage loans on behalf of themselves, investors, trustees and lenders. As alleged herein, Defendants have engaged in this pattern and practice with the intention of collecting and retaining substantial late fees, interest, and penalties as result of wrongful foreclosure.

14.     The fees that Defendants generate from borrowers like Plaintiff in default are substantial. As these fees grow, they make reinstating the loan to current status less and less feasible and the borrowers will ultimately go into foreclosure, as was the case here with Plaintiff.

15.     Defendants CITI, NORTHWEST and/or DOES 1 through 20 operated a complex wrongful foreclosure scheme which used misleading fraudulent tactics to victimize hundreds, if not thousands, of consumers through the State of California. Many consumers have already lost their homes to foreclosure or face default, foreclosure and the loss of their homes as a direct result of these practices. An order to postpone or cancel the trustee's sale is necessary to protect Plaintiff from further being victimized by Defendants and DOES 1 through 20.

## FACTUAL ALLEGATIONS

16.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

17.     On or about April 16, 2009, Plaintiff obtained a loan from PMC Bancorp. The loan was secured by Deed of Trust. The first page of the deed of trust identifies the deed of trust as an "FHA California Deed of Trust." Sometime after the loan origination the servicing of the

4

VERIFIED COMPLAINT

1  loan along with all beneficial interest under the Note and Deed of Trust was transferred to

2  Defendant CITI.

3       18.    Plaintiff believes and alleges that the mortgage loan was insured by the FHA, and

4  the terms of their Note and Deed of Trust are subject to the servicing requirements under US

5  Department of Housing and Urban Development ("HUD")

6       19.    The instant loan is also subject to the pre-foreclosure requirements provided by

7  the Federal Housing Administration ("FHA"). These requirements include a requirement of a

8  face-to-face interview between an agent of the lender and the borrower prior to commencing any

9  foreclosure proceedings. The scope of this interview is summarized in Title 24 of the Code of

10  Federal Regulations section 203.604(b).

11       20.    Defendants CITI and NORTHWEST have breached their obligation of

12  compliance and prematurely commenced a non-judicial foreclosure proceeding without first

13  satisfying pre-foreclosure requirements provided by the FHA namely failure to have face-to-face

14  interview with Plaintiff as required by the Code of Federal Regulations including but not limited

15  to 24 C.F.R. § 203.604 and 24 C.F.R. § 203.500.

16       21.    Plaintiff believes and alleges that the HUD regulations are conditions precedent

17  that must be complied with prior to lenders having the right to foreclose.

18       22.    Plaintiff alleges that on or about October 03, 2012, NORTHWEST, acting as

19  agent of Defendant CITI, issued a defective Notice of Default ("NOD") in the County

20  Recorder's Office of San Bernardino as Instrument No.: 2012-0408872 without having face-to-

21  face meeting with Plaintiff.

22       23.    In order to be valid, the NOD must meet the threshold requirements servicing

23  requirements under HUD.

24       24.    At no time did the mortgagee, beneficiary, or their authorized agent contact

25  Plaintiff in person to have face-to face interview.

26       25.    Plaintiff alleges that the NOTS filed by NORTHWEST and/or DOES 1 through

27  20, acting as agents for the beneficiary, was in violation of Cal. Civ. Code section 2924, based on

28  an invalid NOD.

5

VERIFIED COMPLAINT

26.     Plaintiff alleges that Defendants are unlawfully attempting to foreclosure on Plaintiff's home in violation of Cal. Civ. Code sections 2924, et seq., with an invalid and inoperative NOTS which is based on an invalid and inoperative NOD.

27.     Plaintiff alleges that all times mentioned herein, Defendants had a duty to Plaintiff to ensure that the non-judicial foreclosure process on the Subject Property was conducted fairly and according to prescribed statutory procedures, including those contained in Cal. Civ. Code § 2924.

28.     Cal. Civ. Code sections 2924(a) states in relevant part:

> (1) The trustee, mortgagee, or beneficiary, or any of their authorized agents shall first file for record, in the office of the recorder of each county wherein the mortgaged or trust property ... is situated, a notice of default.
> (3) After the lapse of the three months described in paragraph (2), the mortgagee, trustee or other person authorized to take the sale shall give notice of sale, stating the time and place thereof, in the manner and for a time not less than that set forth in 2924f.

29.     Cal. Civ. Code § 2924 absolutely precludes a mortgagee, trustee, beneficiary, or their authorized agent from conducting a foreclosure sale until a proper NOD is recorded.

30.     As a proximate result of the mortgagee, trustee, beneficiary, or their authorized agent's failure to comply with HUD servicing requirements and 2924, it is clear that Defendants are absolutely precluded from foreclosing on Plaintiff's home and/or filing a NOTS pursuant to Cal. Civ. Code § 2924 until not less than three months after filing a valid NOD is filed.

31.     Plaintiff was financially damaged by Defendants' actions, including but not limited to, substantial damage or risk of damage to her credit, foreclosure fees and penalties.

32.     As a direct and proximate result of these violations, Plaintiff was, and continues to be, damaged in an amount according to proof but not yet ascertained including, without limitation, statutory damages and all amounts paid or to be paid in connection with the transaction, excluding principal payments, if any.

## FIRST CAUSE OF ACTION

**VERIFIED COMPLAINT**

## WRONGFUL FORECLOSURE IN VIOLATION OF

## TITLE 24 OF THE CODE OF FEDERAL REGULATIONS § 203.604.

### (AGAINST ALL DEFENDANTS)

33.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

34.     Plaintiff has a mortgage insured by the FHA, and the terms of the Note and Deed of trust are subject to the servicing requirements under HUD.

35.     The language in paragraph 9 of the deed of trust requires compliance with the HUD regulations prior to initiating a foreclosure.

36.     For mortgages insured by the FHA, servicers are required to follow servicing regulations mandated by the HUD Secretary before initiating foreclosure.

37.     Plaintiff alleges that the Defendants began foreclosing on their property without adhering to the HUD servicing requirements, as they did not have a face-to-face interview with them as required by the Code of Federal Regulations 24 C.F.R. § 203.604 and 24 C.F.R. § 203.500.

38.     Plaintiff believes and alleges that HUD regulations are conditions precedent that must be complied with prior to Defendants having the right to foreclose.

39.     HUD promulgated mortgage-servicing regulations under the authority granted to it by the NHA (12 U.S.C. § 1701 et seq.) in order to carry out its loan insurance programs. The NHA provides: "Upon default or imminent default . . . of any mortgage insured under this title, mortgagees shall engage in loss mitigation actions for the purpose of providing an alternative to foreclosure."

40.     On or about October 03, 2012, Defendant NORTHWEST, as an Agent for CITI and/or DOES 1 through 20 recorded a NOD against Subject Property.

41.     Plaintiff further alleges that at all times mentioned herein that CITI, NORTHWEST and/or DOES 1 through 20 had a duty to comply with requirements of HUD before filing a NOD and the subsequent "Notice of Trustee Sale".

7

**VERIFIED COMPLAINT**

42.    At all times prior to Defendants' filing of the NOD, Plaintiff was available to meet with mortgagee, trustee, beneficiary, or authorized agent to assess their financial situation and explore options to avoid foreclosure.

43.    At no time did the mortgagee, trustee, beneficiary, or authorized agent conducted face-to face interview to explore foreclosure avoidance alternatives.

44.    CITI, NORTHWEST and/or DOES 1 through 20 failed to contact Plaintiff in a manner that would satisfy the detailed requirements of HUD and did not adhere to the mandates laid out by the HUD before commencing a non-judicial foreclosure. Accordingly they are precluded from proceeding with non-judicial foreclosure pursuant Civ. Code § 2924 until the requisite contact is made with Plaintiff.

45.    Plaintiff further alleges at all times mentioned herein that NORTHWEST as an agent for the beneficiary had a duty to ensure that the non-judicial foreclosure process on the Subject Property was conducted fairly and according to prescribed statutory procedures, including those contained in Cal. Civ. Code § 2924 et. seq.

46.    Plaintiff is consequently entitled to an Order of the Court declaring that Defendants have not complied with HUS servicing requirements and that pursuant to Civ. Code § 2924 Defendants shall neither enjoy nor exercise any Power of Sale under the Deed of Trust until such time as they have complied fully with the requirements of HUD.

### SECOND CAUSE OF ACTION

### CONTRACTUAL BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### (AGAINST DEFENDANTS CITI and DOES 1 through 20 Inclusive)

47.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

48.    Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement. This implied covenant of good faith and fair dealing requires that no party will do anything that will have the effect of impairing, destroying, or injuring the rights of the other party to receive the benefits of their agreement.

8

**VERIFIED COMPLAINT**

49.     The covenant implies that in all contracts each party will do all things reasonably contemplated by the terms of the contract to accomplish its purpose. This covenant protects the benefits of the contract that the parties reasonably contemplated when they entered into the agreement. The terms of the Agreement imposed upon Defendants CITI and DOES 1 through 20 a duty of good faith and fair dealing in this matter.

50.     The rights and powers of trustees in non-judicial foreclosure proceedings have long been regarded as strictly limited and defined by the contract of the parties and the statutes.

51.     Paragraph 9 of Deed of Trust, sets forth the grounds for acceleration of debt. It states when a default occurs, this paragraph provides under subdivision (a) that the "[l]ender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument . . . ." In subdivision (d), under the heading of "Regulations of HUD Secretary," the agreement reads as follows: "In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

52.     Paragraph 9 of the deed of trust requires compliance with the HUD regulations prior to initiating a foreclosure.

53.     Defendants CITI and DOES 1 through 20 willfully breached their implied covenant of good faith and fair dealing for the following reasons:

a.      CITI and DOES 1 through 20 willfully breached the implied covenant of good faith and fair dealing existing between CITI and DOES 1 through 20 and Plaintiff by not complying with Covenant # 9 of Deed of Trust;

b.      The express language of paragraph 9 in the deed of trust states that the mortgagee is not authorized to foreclose on a property if not permitted by the HUD regulations. The HUD regulations require face-to-face meetings (24 C.F.R. § 203.604) and Plaintiff alleges such meetings did not occur and Defendants initiated non judicial foreclosure without having Face-to face meeting;

9

VERIFIED COMPLAINT

c.   The HUD regulations also specify that no mortgagee shall commence foreclosure or acquire title to a property until HUD regulations have been followed. (24 C.F.R. § 203.500; see also 24 C.F.R. § 203.606(a).

54.   As a result of Defendants' breach of this covenant, Plaintiff has suffered damages and has caused Plaintiff the threat of loss of his home. Plaintiff has incurred and continues to incur legal fees, including attorney fees and costs, as well as expenses to right this wrong.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff will ask for the following for each Cause of Action sustained:

1.   For postponement of non-judicial foreclosure sale.

2.   For Compensatory Damages in an amount to be proven at trial.

3.   For any prejudgment or other interest according to law.

4.   Any other and further relief that the Court considers just and proper.

Dated: March 22, 2013

NICK PACHECO LAW GROUP, APC

NICK PACHECO, ESQ.
HAKOP KESHISHYAN, ESQ.
Attorneys for Plaintiffs

10

**VERIFIED COMPLAINT**

## VERIFICATION

I, Ruiz Martin, declare as follows:

    I have read the foregoing Complaint and know the contents thereof and any attachments thereto.

    The same are true of my own knowledge, except as those matters which are therein stated on information and belief, and, as to those matters, I believe them to be true.

    I make this verification because the facts set forth in said pleading are within my knowledge.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on   3 — 22  , 2013 at Rancho Cucamonga, California, County of San Bernardino.

Ruiz Martin

---

11
**VERIFIED COMPLAINT**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO F I L E D
COUNTY OF SUPERIOR COURT
RANCHO CUCAMONGA DISTRICT                                    RANCHO CUCA. OF SAN BERNARDINO
8303 NORTH HAVEN AVENUE                                      BIA DISTRICT
RANCHO CUCAMONGA, CA  91730
                                        CASE NO: CIVRS1302132  MAR 2 5 2013
http://www.sb-court.org                           BY
IN RE: RUIZ MARTIN -V- CITIMORTGAGE, ET AL                NADYA AVAKIAN, DEPUTY

NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES
NOTICE OF OSC:SERVICE OF SUMMONS AND COMPLAINT
NOTICE OF CASE MANAGEMENT CONFERENCE

TO THE DEFENDANT/PARTY SERVED: The dates below DO NOT increase the
time you have to respond to the Complaint filed against you. The time
for your response is stated on the "Summons".

PLAINTIFF PLEASE TAKE NOTICE:This case has been assigned to:
Thomas S. Garza
FOR ALL PURPOSES;that the above-entitled case has been set for an
Order to Show Cause(OSC) why the case should not be dismissed for
failure to serve the Summons and Complaint; and a Case Management
Conference (CMC). A COPY OF THIS NOTICE MUST BE SERVED ON ALL
DEFENDANTS
The OSC:SERVICE OF SUMMONS AND COMPLAINT is set for 06/24/13 at
 8:30 in department R11
If "Proof of Service" of the Summons and Complaint has been filed 10
court days prior to the hearing, no appearance is required and the
hearing will be vacated.

The Case Management Conference is set for 08/30/13 at  8:30 in
Department R11
File your CMC Statement with the court 15 calendar days prior to the
hearing. Failure to appear may result in monetary sanctions and/or
dismissal of your case. The advance jury fees of $150 per party is NON
REFUNDABLE and must be deposited on or before the date scheduled for
the CMC. (CCP631)
                                        Stephen H. Nash, Clerk of the Court
Date: 03/25/13                              By: NADYA AVAKIAN
                        CERTIFICATE OF SERVICE
I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice by:
( ) Enclosed in an envelope mailed to the interested party addressed
above, for collection and mailing this date, following ordinary
business practice.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the
counter.
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

DATE OF MAILING: 03/25/13
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 03/25/13 at Rnch Cucamonga, CA  By: NADYA AVAKIAN
notice: NCMCT1 action: cmc

**EXHIBIT 2**

# EXHIBIT 2

# Case Report

Home        Complaints/Parties        Actions        Minutes        Pending        Case        Images
                                                                      Hearings      Report

Case Type: [                              ▼]

Case Number: [            ]   [Search]

[Print this Report]

## Case CIVRS1302132 - RUIZ MARTIN -V- CITIMORTGAGE, ET AL

## Case CIVRS1302132 - Complaints/Parties

**Complaint Number:** 0001 — CMP COMPLAINT (UNLIMITED) of RUIZ MARTIN
**Original Filing Date:** 03/25/2013
**Complaint Status:** ACTIVE

| Party Number | Party Type | Party Name | Attorney | Party Status |
|---|---|---|---|---|
| 1 | PLAINTIFF | RUIZ MARTIN | NICK PACHECO LAW GROUP | First Paper Fee Paid |
| 2 | DEFENDANT | CITIMORTGAGE, INC. | Unrepresented | Serve Required (WaitS) |
| 3 | DEFENDANT | NORTHWEST TRUSTEE SERVICES, INC. | Unrepresented | Serve Required (WaitS) |

## Case CIVRS1302132 - Actions/Minutes

| Viewed | Date | Action Text | Disposition | Image |
|---|---|---|---|---|
| | 08/30/2013 8:30 AM DEPT. R11 | CASE MANAGEMENT CONFERENCE | | |
| | 06/24/2013 8:30 AM DEPT. R11 | OSC RE: SERVICE COMPLETION | | |
| N | 03/25/2013 | NOTICE IMAGED | Not Applicable | 🖼 |
| | 03/25/2013 | CASE ASSIGNED FOR ALL PURPOSES TO DEPARTMENT R11 | | |
| N | 03/25/2013 | SUMMONS ISSUED AND FILED | Not Applicable | 🖼 |
| | | | Not | |

4/25/13                              CIVRS1302132 Case Report - San Bernardino Main

| N | 03/25/2013 | CIVIL CASE COVER SHEET FILED. | Applicable | |
|---|---|---|---|---|
| N | 03/25/2013 | COMPLAINT AND PARTY INFORMATION ENTERED | Not Applicable | |

**Minutes**
Receipt: 130325-1951          $435.00

## Case CIVRS1302132 - Pending Hearings

| Date | Action Text | Disposition | Image |
|---|---|---|---|
| 06/24/2013 8:30 AM DEPT. R11 | OSC RE: SERVICE COMPLETION | | |
| 08/30/2013 8:30 AM DEPT. R11 | CASE MANAGEMENT CONFERENCE | | |

    Print this Report

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Jesus Bernal and the assigned discovery Magistrate Judge is Sheri Pym.

The case number on all documents filed with the Court should read as follows:

## EDCV13- 762 JGB (SPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
RUIZ MARTIN

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
CITIMORTGAGE, INC.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Nick Pacheco, Hakop Keshishyan
NICK PACHECO LAW GROUP
15501 San Fernando Mission Blvd., Suite 110
Mission Hills, CA 91345
Telephone: (888) 888-8641; Facsimile: (800) 210-0028

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Nina Huerta (SBN: 229070), Sally W. Mimms (SBN: 276093)
LOCKE LORD LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071
Telephone: (213) 485-1500; Facsimile: (213) 485-1200

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
National Housing Act, 12 U.S.C. § 1701 et seq., and 12 C.F.R. § 203.604 and § 203.500

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **TORTS** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | **PERSONAL PROPERTY** | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | **BANKRUPTCY** | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 440 Other Civil Rights | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 441 Voting | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 442 Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | | ☐ 443 Housing/ Accomodations | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 790 Other Labor Litigation | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 791 Employee Ret. Inc. Security Act | |
| | | | ☐ 448 Education | | |

**FOR OFFICE USE ONLY: Case Number:** _ED CV13-762_

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)                          CIVIL COVER SHEET                          Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of San Bernardino, State of California | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | CitiMortgage, Inc. is an New York corporation with its principal place of business in Missouri. |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
NOTE: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All claims arise from a loan secured by real property located in the County of San Bernardino, California. | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____ DATE: April 25, 2013

Nina Huerta

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

CV-71 (02/13) | CIVIL COVER SHEET | Page 2 of 2

American LegalNet, Inc.
www.FormsWorkFlow.com